**Opinion issued June 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00079-CR

———————————

**MATTHEW BRENNAN AWBREY A/K/A MATTHEW AWBREY,**
**Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 1111771**

---

## MEMORANDUM OPINION

Appellant, Matthew Brennan Awbrey a/k/a Matthew Awbrey, pleaded guilty, with an agreed recommendation from the State, to the offense of injury to a child. *See* TEX. PENAL CODE ANN. § 22.04 (West Supp. 2013). In accordance with

appellant's plea agreement with the State, the trial court found appellant guilty, assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, and imposed a $750 fine. The sentence of confinement was suspended and appellant was placed on community supervision for ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3(a) (West Supp. 2013).

Subsequently, the State filed a motion to revoke appellant's community supervision. Appellant pleaded true to two of the alleged violations of the terms of his community supervision. After a hearing, the trial court found two alleged violations true, revoked appellant's community supervision, and sentenced appellant to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has

thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Thomas J. Burbank must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).